UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUDI DUNCAN,

                Plaintiff,

           -against-                    1:20-CV-9358 (CM)

MIRAMAR ANIMAL CLINIC; JANE DOE,      TRANSFER ORDER
CARRIBEAN TOWERS/PDSJ/JOHN
DOE/JOHN DOE,

                Defendants.

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, a resident of New Rochelle, New York, appears *pro se* and asserts claims under the Court's diversity jurisdiction. All the defendants appear to be located in San Juan, Puerto Rico, and Plaintiff seeks $900 million in damages. For the reasons discussed below, the Court transfers this action to the United States District Court for the District of Puerto Rico.

    Under the applicable venue provision, 28 U.S.C. § 1391(b), a civil action may be brought in:

> a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under 28 U.S.C. § 1391(c)(1), for venue purposes, a "natural person" resides in the judicial district where the person is domiciled. And under § 1391(c)(2), for venue purposes, any other "entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which

such defendant is subject to the court's personal jurisdiction with respect to the civil action in question."

Plaintiff alleges no facts that would suggest that this Court is a proper venue for her claims. She alleges that the defendants are located in Puerto Rico, and seems to allege that the events giving rise to her claims occurred in Puerto Rico. Thus, venue for this action lies in the District of Puerto Rico. *See* § 1391(b)(1), (2). Accordingly, the Court transfers this action to the United States District Court for the District of Puerto Rico. 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Clerk of Court is further directed to transfer this action to the United States District Court for the District of Puerto Rico. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   November 10, 2020
         New York, New York

                                                _____
                                                     COLLEEN McMAHON
                                                Chief United States District Judge